UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 5:17-CR-27-RWS-JBB |
| | § | |
| ANTONIO ALEXANDER LEE (1) | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On January 21, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 206. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Hailey Amox.

**BACKGROUND**

Antonio Alexander Lee ("Defendant") was sentenced on August 21, 2018, before the Honorable Robert W. Schroeder III of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 5 Grams of More of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 83 to 105 months. Defendant was subsequently sentenced to 94 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, acquire a high school equivalency certificate, and a $100.00 special assessment. On September 23, 2024, Judge Schroeder signed an order reducing Defendant's sentence from 94 months to 78 months imprisonment. The statement of reasons was amended and an offense level of 25 remained but criminal history category was changed from IV to III, resulting in the new guideline range of 70

1

to 87 months. On July 24, 2024, Defendant completed his term of imprisonment and began service of the supervision term.

## PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 206), the Government alleges Defendant violated the following conditions:

1) **Defendant must not commit another federal, state or local crime.** Specifically, the Government alleges that on or about January 6, 2025, Defendant committed the new law violation of Aggravated Robbery-Home Invasion, a 1st degree felony in Garland, Texas.

2) **Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** Specifically, the Government alleges that on or about January 6, 2025, Defendant traveled outside the Eastern District of Texas, without permission from the court or the probation officer.

3) **Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting permission of the probation officer.** Specifically, the Government alleges that on or about January 6, 2025, Defendant communicated or interacted with people engaged in criminal activities: Tiffany Nicole Beggs, Sarah Elaine Bryant, and unknown third individual without permission from the probation officer.

4) **If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.** Specifically, the Government alleges that on or about January 6, 2025, Defendant was arrested by Garland Police, and he did not notify the probation officer within 72 hours.

## **RECOMMENDATION**

The Court scheduled a final revocation hearing January 21, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow.

The Court further recommends the Court request the Bureau of Prisons designate FCI Butner 1, North Carolina, for service of sentence. The parties noted on the record that Defendant was initially placed into federal custody on this petition on December 16, 2025. Additionally, while Defendant's original sentence for the underlying offense in this matter was reduced to 78 months, Defendant noted that he served 81 months in the Bureau of Prisons before beginning his term of supervised release, resulting in approximately three months credit to be applied to the instant eighteen-month sentence.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the petition be **ACCEPTED**.  It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow, with FCI Butner 1, North Carolina, as the place of confinement.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 22nd day of January, 2026.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE